UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TYRAIL PARKS,   CASE NO.:

    Plaintiff,

vs.

STARLING CHEVROLET
CADILLAC, LLC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **TYRAIL PARKS,** state and alleges as follows:

### JURISDICTION

1. This action arises under the provisions of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e. et. seq..

2. At all times alleged hereto Plaintiff, TYRAIL PARKS, was a resident of the State of Florida.

3. Plaintiff, TYRAIL PARKS, is an African-American and an individual who is status is protected pursuant to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

4. Defendant STARLING CHEVROLET CADILLAC, LLC, is a corporation organized pursuant to the laws of the State of Florida.

5. Defendant's principal place of business is located at 2800 South Woodland Blvd., Deland, FL 32720.

6. At all times mentioned hereto, Defendant was an employer as defined pursuant to the

Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 ( e ) et seq.

7. Prior to filing this action, on or about January, 2019, Plaintiff filed charges of race discrimination with the Equal Employment Opportunity Commission pursuant to 42 U.S.C. §2000(e).

8. A Notice of Right to Sue was issued by the Federal Equal Employment Opportunity Commission on or about April 29, 2019.

9. Plaintiff has filed his action within 90 days of receipt of the right to Sue and exhausted all administrative remedies prior to filing this action. See attached Exhibit "A".

## COUNT I – RACE DISCRIMINATION

10. Plaintiff, **TYRAIL PARKS** was previously began employment with the Defendant, STARLING CHEVROLET CADILLAC, LLC, on or about August 23, 2018 in the position of an auto detailer.

11. On or about December 19, 2018, Plaintiff was terminated from employment by the Defendant.

12. Reasons given by the Defendant for terminating Plaintiff from employment were that Plaintiff did not return a text from the Plaintiff's manager as to why Plaintiff did not appear at work.

13. Defendant's reasons for terminating Plaintiff from employment were false.

14. Plaintiff was out of work due to a surgical procedure.

15. Due to Plaintiff's physical condition, Plaintiff could not return the text.

16. Plaintiff had been given date the day off by Plaintiff's supervisor.

17. Other employees of Defendant's similarly situated non-African-American employees who had not shown up to work had not been terminated from employment.

18. Plaintiff was terminated based upon Plaintiff's race in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

19. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for the Defendant in a successful and satisfactory manner.

20. As a result, Plaintiff suffered lost wages which Plaintiff would have earned had Plaintiff been hired by the Defendant, and the value of benefits which Plaintiff would have received had Plaintiff been hired by the Defendant. Plaintiff additionally suffered mental anguish and humiliation.

21. Plaintiff will continue to suffer those losses in the future.

22. Plaintiff has hired undersigned counsel for representation in this matter and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

A. That the Court award Plaintiff sums for unpaid back wages and future wages, and the value of lost past and future benefits.

B. That the Court award Plaintiff damages for mental anguish and humiliation.

C. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

D. That the Court award such other and further relief as may be just and equitable in the circumstances.

E. Trial by jury.

## **COUNT II**

23. Plaintiff, **TYRAIL PARKS** was previously began employment with the Defendant, STARLING CHEVROLET, LLC., on or about August 23, 2018 in the position of an auto detailer.

24. On or about December 19, 2018, Plaintiff was terminated from employment by the Defendant.

25. During the time that the Plaintiff was employed by the Defendant, Defendant would assign the Plaintiff and other of Defendant's auto detailers certain vehicles to perform services.

26. The pay of Defendant's auto detailers was dependent on the number of and type of vehicle service.

27. Pursuant to Defendant's procedures, all of Defendant's auto detailers were to receive us detailing assignments on an equal basis.

28. During the time the Plaintiff was employed, Defendant on equally assigned Plaintiff detailing assignments contrary to Defendant's procedures such that Plaintiff received compensation less than Defendant's Caucasian auto detailers.

29. Defendants actions in unequally assigning Plaintiff vehicles for service based upon race contrary to the Federal Equal Employment Opportunities Act, 42 U.S.C. section 2000 e- et seq.

30. Defendants actions were willful and intentional.

31. As a result, plaintiff suffered lost compensation

32. At all times alleged hereto, Plaintiff performed Plaintiff's job duties for Defendant in a

4

successful and satisfactory manner.

33. Plaintiff has hired undersigned counsel for representation in this matter and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff demands judgment for the following:

34  That the Court award Plaintiff sums plaintiff should have received had Defendant's assigned automobiles pursuant to Defendant's procedures, equally and fairly.

35  Punitive damages based upon Defendant's willful and intentional violation of the Act.

36. That the Court award Plaintiff reasonable attorney's fees, pursuant to 42 U.S.C. section 2000 e- et seq. and costs of this action.

37. That the Court award such other and further relief as may be just and equitable in the circumstances.

38. Trial by jury.

Respectfully submitted this   16th   day of July, 2019.

/s/ David W. Glasser
DAVID W. GLASSER, ESQUIRE
Fla. Bar No. 780022
116 Orange Avenue
Daytona Beach, FL 32114
Telephone: (386) 252-0175 okay
Facsimile: (386) 257-0246
Email: David@dglasserlaw.com
legal@dglasserlaw.com
Attorney for Plaintiff

EEOC Form 161-B (11/16)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Tyrail Parks<br>7132 Bardmoor Circle<br>Daytona Beach, FL 32114 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-01653 | Edgar A. Cole,<br>Investigator | (305) 808-1759 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Niza Santo Wright*

Michael J. Farrell,
District Director

APR 29 2019
(Date Mailed)

Enclosures(s)

cc: Dustin Del Valle, Manager
Starling Chevy
2800 South Woodland Blvd
Deland, FL 32720

Charging Party Representative:
David Glasser, Attorney
Law Office of David Glasser
116 Orange Avenue
Daytona Beach, FL 32114

**EXHIBIT a**